IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JEFFREY MCMAHON, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| ROBERT BOSCH TOOL CORP., | ) **JURY TRIAL DEMANDED** |
| **Serve: CSC Lawyers Incorporating** | ) |
| **Service Company** | ) |
| **221 Bolivar Street** | ) |
| **Jefferson City, MO 65101** | ) |
| | ) |
| -and- | ) |
| | ) |
| | ) |
| LOWE'S HOME CENTERS, LLC, | ) |
| **Serve: CSC Lawyers Incorporating** | ) |
| **Service Company** | ) |
| **221 Bolivar Street** | ) |
| **Jefferson City, MO 65101** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Jeffrey McMahon, through counsel, and for his cause of action against Defendants Robert Bosch Tool Corporation and Lowe's Home Centers, LLC, states as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Jeffrey McMahon seeks damages for injuries he sustained on April 28, 2016 when he was using a Rotozip by Bosch model RZ20 when the handle detached from the tool causing him to suffer injury and damage.

## GENERAL ALLEGATIONS

2. Plaintiff Jeffrey McMahon is a resident of the State of Missouri.

3. Defendant Robert Bosch Tool Corporation ("Bosch") is a Delaware corporation in good standing with a registered agent for the receipt of service of process located at 221 Bolivar Street, Jefferson City, State of Missouri.

4. Defendant Bosch is engaged in the business of designing, engineering, manufacturing, and selling tools, including the Rotozip product line, bearing product number RZ20.

5. Defendant Lowe's Home Centers. LLC ("Lowes") is a North Carolina corporation in good standing with a registered agent for the receipt of service of process located at 221 Bolivar Street, Jefferson City, State of Missouri.

6. Defendant Lowe's is engaged in the business of selling tools, including the Rotozip product line, bearing product number RZ20.

7. Plaintiff and Defendants are residents of separate states and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

8. Plaintiff demands trial by jury pursuant to Rule 38 F.R.C.P.

**COUNT I**
**ROBERT BOSCH TOOL CORPORATION**
**STRICT LIABILITY-PRODUCT DEFECT**

COMES NOW Plaintiff Jeffrey McMahon, through counsel, and for Count I of his cause of action against Defendant Robert Bosch Tool Corporation, states as follows:

9. Plaintiff restates and incorporates by reference the allegations contained within paragraphs 1-8 above as if more fully set forth herein.

10. At all relevant times, Defendant Bosch designed, engineered, manufactured, and/or sold the Rotozip product line, including the subject Rotozip RZ20, which Defendant placed into the stream of commerce in the State of Missouri.

2

11. Defendant Bosch sold the subject Rotozip in the regular course of its business.

12. At all relevant times, including April 28, 2016, the Rotozip was unreasonably dangerous and defective in that its removable handle detached when put to a reasonably anticipated use in one or more of the following respects:

    a. Its removeable handle was caused to involuntarily and/or unexpectedly detach from the base of the saw when put to a reasonably anticipated use due to defective and unreasonably dangerous components and design;

    b. The saw was unreasonably dangerous in that it lacked an interlock device which would automatically terminate rotation on the saw should the handle be removed while the saw blade was in motion.

13. At all relevant times, Plaintiff McMahon used the Rotozip in a manner reasonably anticipated.

14. Plaintiff McMahon was injured and damaged as a direct result of such defective condition that existed when the defective and unreasonably dangerous Rotozip was sold and Plaintiff sustained injuries to his right hand and nerves; Plaintiff required surgery; Plaintiff required treatment and will require treatment in the future; Plaintiff lost wages and will lose wages in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to his detriment and damage; Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Jeffrey McMahon respectfully prays for judgment against Defendant Robert Bosch Tool Corporation in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs herein incurred and for such other orders as this Court deems just under the circumstances.

## COUNT II
## ROBERT BOSCH TOOL CORPORATION
## PRODUCTS LIABILITY—NEGLIGENCE

COMES NOW Plaintiff Jeffrey McMahon, through counsel, and for Count II of his cause of action against Defendant Robert Bosch Tool Corporation, states as follows:

15. Plaintiff restates and incorporates by reference the allegations contained within paragraphs 1-14 above as if more fully set forth herein.

16. Defendant Bosch manufactured and designed the subject Rotozip.

17. At all relevant times, including April 28, 2016, the Rotozip was unreasonably dangerous and defective in that its removable handle detached when put to a reasonably anticipated use in one or more of the following respects:

    a. Its removeable handle was caused to involuntarily and/or unexpectedly detach from the base of the saw when put to a reasonably anticipated use due to defective and unreasonably dangerous components and design;

    b. The saw was unreasonably dangerous in that it lacked an interlock device which would automatically terminate rotation on the saw should the handle be removed while the saw blade was in motion.

18. Defendant Bosch failed to use ordinary care to manufacture and/or design the subject Rotozip or adequately warn of the risk of harm from the defective handle on the Rotozip.

19. Plaintiff McMahon was injured and damaged as a direct result of such defective condition that existed when the defective and unreasonably dangerous Rotozip was sold and Plaintiff sustained injuries to his right hand and nerves; Plaintiff required surgery; Plaintiff required treatment and will require treatment in the future; Plaintiff lost wages and will lose wages in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired,

4

all to her detriment and damage; Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Jeffrey McMahon respectfully prays for judgment against Defendant Robert Bosch Tool Corporation in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs herein incurred and for such other orders as this Court deems just under the circumstances.

<u>**COUNT III**</u>
<u>**ROBERT BOSCH TOOL CORPORATION**</u>
<u>**NEGLIGENT SUPPLY OF DANGEROUS INSTRUMENTALITY**</u>

COMES NOW Plaintiff Jeffrey McMahon, through counsel, and for Count III of his cause of action against Defendant Robert Bosch Tool Corporation, states as follows:

20. Plaintiff restates and incorporates by reference the allegations contained within paragraphs 1-19 above as if more fully set forth herein.

21. At all relevant times, Defendant Bosch designed, engineered, manufactured, and/or sold the Rotozip product line, including the subject Rotozip RZ20, which Defendant placed into the stream of commerce in the State of Missouri.

22. Defendant Bosch supplied the subject Rotozip RZ20 for use in its regular course of business.

23. At all relevant times, including April 28, 2016, the Rotozip supplied by Defendant Bosch was dangerous in that a defective handle on the Rotozip detached when put to a reasonably expected use in one or more of the following respects:

    a. Its removeable handle was caused to involuntarily and/or unexpectedly detach from the base of the saw when put to a reasonably anticipated use due to defective and unreasonably dangerous components and design;

5

    b. The saw was unreasonably dangerous in that it lacked an interlock device which would automatically terminate rotation on the saw should the handle be removed while the saw blade was in motion.

24. On April 28, 2016, the Rotozip RZ20 was put to a reasonably expected use.

25. On April 28, 2016, while Plaintiff was using the Rotozip RZ20 as intended, its component handle detached, for one or more the reasons set forth in paragraph 23, above, causing Plaintiff to sustain injury.

26. This malfunction presented a foreseeable risk of injury, and Defendant Bosch knew or had information from which Defendant, in the exercise of the highest degree of care, should have known of the dangerous condition and risk and failed to warn of it.

27. Defendant Bosch had no reason to believe that Plaintiff, for whose use the Rotozip RZ20 was supplied, would realize the dangerous condition of the Rotozip RZ20.

28. Defendant Bosch was further careless and negligent in that Defendant failed to adequately warn Plaintiff of the dangerous condition of the Rotozip RZ20 or make the Rotozip RZ20 reasonably safe.

29. Plaintiff McMahon was injured and damaged as a direct result of such defective condition that existed when the defective and unreasonably dangerous Rotozip was sold and Plaintiff sustained injuries to his right hand and nerves; Plaintiff required surgery; Plaintiff required treatment and will require treatment in the future; Plaintiff lost wages and will lose wages in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage; Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Jeffrey McMahon respectfully prays for judgment against Defendant Robert Bosch Tool Corporation in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs herein incurred and for such other orders as this Court deems just under the circumstances.

### COUNT IV
### LOWE'S HOME CENTERS, LLC
### STRICT LIABILITY-PRODUCT DEFECT

COMES NOW Plaintiff Jeffrey McMahon, through counsel, and for Count I of his cause of action against Defendant Lowe's Home Centers, LLC, states as follows:

30. Plaintiff restates and incorporates by reference the allegations contained within paragraphs 1-29 above as if more fully set forth herein.

31. At all relevant times, Defendant Lowe's designed, engineered, manufactured, and/or sold the Rotozip product line, including the subject Rotozip RZ20, which Defendant placed into the stream of commerce in the State of Missouri.

32. Defendant Lowe's sold the subject Rotozip in the regular course of its business.

33. The Rotozip was then in a defective condition in that a defective removable handle on said Rotozip detached from the tool when put to a reasonably anticipated use, which is an unreasonably dangerous condition.

34. At all relevant times, Plaintiff McMahon used the Rotozip in a manner reasonably anticipated.

35. Plaintiff McMahon was injured and damaged as a direct result of such defective condition that existed when the defective and unreasonably dangerous Rotozip was sold and Plaintiff sustained injuries to his right hand and nerves; Plaintiff required surgery; Plaintiff required

7

treatment and will require treatment in the future; Plaintiff lost wages and will lose wages in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to his detriment and damage; Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Jeffrey McMahon respectfully prays for judgment against Defendant Lowe's Home Centers, LLC in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs herein incurred and for such other orders as this Court deems just under the circumstances.

<u>**COUNT V**</u>
<u>**LOWE'S HOME CENTERS, LLC**</u>
<u>**PRODUCTS LIABILITY—NEGLIGENCE**</u>

COMES NOW Plaintiff Jeffrey McMahon, through counsel, and for Count II of his cause of action against Defendant Lowe's Home Centers, LLC, states as follows:

36. Plaintiff restates and incorporates by reference the allegations contained within paragraphs 1-35 above as if more fully set forth herein.
37. Defendant Lowe's manufactured and designed the subject Rotozip.
38. At all relevant times, including April 28, 2016, the Rotozip was unreasonably dangerous and defective in that its removable handle detached when put to a reasonably anticipated use in one or more of the following respects:
    a. Its removeable handle was caused to involuntarily and/or unexpectedly detach from the base of the saw when put to a reasonably anticipated use due to defective and unreasonably dangerous components and design;

8

    b. The saw was unreasonably dangerous in that it lacked an interlock device which would automatically terminate rotation on the saw should the handle be removed while the saw blade was in motion.

39. Defendant Lowe's failed to use ordinary care to manufacture and/or design the subject Rotozip or adequately warn of the risk of harm from the defective handle on the Rotozip.

40. Plaintiff McMahon was injured and damaged as a direct result of such defective condition that existed when the defective and unreasonably dangerous Rotozip was sold and Plaintiff sustained injuries to his right hand and nerves; Plaintiff required surgery; Plaintiff required treatment and will require treatment in the future; Plaintiff lost wages and will lose wages in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage; Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Jeffrey McMahon respectfully prays for judgment against Defendant Lowe's Home Centers, LLC in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs herein incurred and for such other orders as this Court deems just under the circumstances.

## COUNT VI
## LOWE'S HOME CENTERS, LLC
## NEGLIGENT SUPPLY OF DANGEROUS INSTRUMENTALITY

COMES NOW Plaintiff Jeffrey McMahon, through counsel, and for Count III of his cause of action against Defendant Lowe's Home Centers, LLC, states as follows:

41. Plaintiff restates and incorporates by reference the allegations contained within paragraphs 1-40 above as if more fully set forth herein.

42. At all relevant times, Defendant Lowe's designed, engineered, manufactured, and/or sold the Rotozip product line, including the subject Rotozip RZ20, which Defendant placed into the stream of commerce in the State of Missouri.

43. Defendant Lowe's supplied the subject Rotozip RZ20 for use in its regular course of business.

44. At all relevant times, including April 28, 2016, the Rotozip supplied by Defendant Lowe's was dangerous in that a defective handle on the Rotozip detached when put to a reasonably expected use in one or more of the following respects:

    c. Its removeable handle was caused to involuntarily and/or unexpectedly detach from the base of the saw when put to a reasonably anticipated use due to defective and unreasonably dangerous components and design;

    d. The saw was unreasonably dangerous in that it lacked an interlock device which would automatically terminate rotation on the saw should the handle be removed while the saw blade was in motion.

45. On April 28, 2016, the Rotozip RZ20 was put to a reasonably expected use.

46. On April 28, 2016, while Plaintiff was using the Rotozip RZ20 as intended, its component handle detached, for one or more the reasons set forth in paragraph 23, above, causing Plaintiff to sustain injury.

47. This malfunction presented a foreseeable risk of injury, and Defendant Lowe's knew or had information from which Defendant, in the exercise of the highest degree of care, should have known of the dangerous condition and risk and failed to warn of it.

48. Defendant Lowe's had no reason to believe that Plaintiff, for whose use the Rotozip RZ20 was supplied, would realize the dangerous condition of the Rotozip RZ20.

49. Defendant Lowe's was further careless and negligent in that Defendant failed to adequately warn Plaintiff of the dangerous condition of the Rotozip RZ20 or make the Rotozip RZ20 reasonably safe.

50. Plaintiff McMahon was injured and damaged as a direct result of such defective condition that existed when the defective and unreasonably dangerous Rotozip was sold and Plaintiff sustained injuries to his right hand and nerves; Plaintiff required surgery; Plaintiff required treatment and will require treatment in the future; Plaintiff lost wages and will lose wages in the future; Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to her detriment and damage; Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

**WHEREFORE,** Plaintiff Jeffrey McMahon respectfully prays for judgment against Defendant Lowe's Home Centers, LLC in an amount that is fair and reasonable in excess of Seventy-Five Thousand Dollars **($75,000.00),** plus costs herein incurred and for such other orders as this Court deems just under the circumstances.

GOLDBLATT + SINGER

*/s/ Shaun M. Falvey*
SHAUN M. FALVEY #55294
sfalvey@stlinjurylaw.com
WILLIAM K. HOLLAND #40399
wholland@stlinjurylaw.com
8182 Maryland Avenue, Suite 801
St. Louis, MO 63105
(314) 231-4100
(314) 241-5078- fax