UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY MCMAHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-505 CAS |
| | ) | |
| ROBERT BOSCH TOOL CORP, and | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court on review of plaintiff's amended complaint.[1] The amended complaint was filed after the Court issued an Order Concerning Jurisdiction (the "Order") that identified specific defects in the original complaint's jurisdictional allegations and directed plaintiff to "file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action." (Order, Doc. 4 at 4.) The Court cautioned that "if plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction." (Id.) For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this action and therefore must dismiss it without prejudice.

**Discussion**

Plaintiff filed this action on April 4, 2018, asserting state law claims and invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 at 2.) "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement

---

[1]The amended complaint is titled "Complaint" but was filed using the civil docketing event Amended Complaint, and is not identical to the original complaint filed herein.

that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the plaintiff. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" Id. "When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990).

Complete diversity of citizenship between plaintiffs and defendants is required by 28 U.S.C. § 1332. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, a complaint must include factual allegations as to each party's state(s) of citizenship. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).

It is well established that allegations concerning a party's *residence* do not satisfy requirements for federal diversity jurisdiction. Reece v. Bank of New York Mellon, 760 F.3d 771, 777-78 (8th Cir. 2014); Pattiz v. Schwartz, 386 F.2d 300, 301 (8th Cir. 1968) (citing cases). "In both common parlance and legal usage, 'resident' and 'citizen' have overlapping but distinct meanings. See, e.g., Black's Law Dictionary 1502 (10th ed. 2014) (explaining 'a resident is not necessarily either a citizen or a domiciliary'); New Oxford American Dictionary 1485 (3d ed. 2010) (defining

2

'resident' as 'a person who lives somewhere permanently *or on a long-term basis*' (emphasis added))." Reece, 760 F.3d 778.

In the Order, the Court set forth the foregoing principles and concluded that because plaintiff's original complaint alleged he was a "resident of the State of Missouri" (Doc. 1, ¶ 2), plaintiff failed to plead facts concerning his state of citizenship. (Order at 2.) Plaintiff's amended complaint continues to allege that plaintiff "is a resident of the State of Missouri" (Doc. 5, ¶ 2), and therefore fails to plead sufficient jurisdictional facts concerning plaintiff's citizenship.[2]

The Order informed plaintiff that as to corporate parties, a complaint must include factual allegations of a party's state of incorporation *and* state of principal place of business, citing Sanders, 823 F.2d at 216, and 28 U.S.C. § 1332(a). (Order at 2.) Plaintiff's original complaint alleged that defendant Robert Bosch Tool Corp. ("Bosch") is a Delaware corporation but did not allege defendant Bosch's state of principal place of business. (Doc. 1, ¶ 3.) The Order stated that because there were no allegations concerning Bosch's principal place of business, plaintiff failed to plead facts to adequately allege defendant Bosch's citizenship.

Plaintiff's amended complaint now alleges that Bosch "is a citizen and resident of Illinois and is an Illinois corporation" (Doc. 5, ¶ 3). Plaintiff still does not allege facts concerning Bosch's state of principal place of business, and therefore fails to adequately plead jurisdictional facts concerning its citizenship. Plaintiff's conclusory assertion that Bosch is a citizen of Illinois is not a factual allegation sufficient to establish this defendant's citizenship.

---

[2]The Court notes that the amended complaint also alleges, "Plaintiff and Defendants are *residents* of separate states and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332." (Doc. 5, ¶ 7) (emphasis added).

The Order also explained that different allegations are required to properly plead the citizenship of a limited liability company ("LLC"). It is well established that an "LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015) (quoted case omitted). Thus, for limited liability companies, the Court must examine the citizenship of each member of the limited liability company to determine whether it has diversity jurisdiction. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) ("GMAC"). For any members of LLCs that are themselves limited liability companies, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged.

Plaintiff's original complaint alleged that defendant Lowe's Home Centers, LLC ("Lowe's") is a North Carolina corporation. (Doc. 1, ¶ 5.) The Order informed plaintiff that defendant Lowe's is an LLC, and that an "LLC is not necessarily a citizen of its state of organization but is a citizen of each state in which its members are citizens," citing GMAC, 357 F.3d at 829. The Order concluded the original complaint contained no allegations concerning the relevant jurisdictional facts about defendant Lowe's citizenship: the state(s) of which each of its members were citizens at the time the complaint was filed, as required by GMAC, and therefore failed to plead facts to adequately allege defendant Lowe's citizenship.

Plaintiff's amended complaint alleges that Lowe's is a "citizen and resident of North Carolina, and is a North Carolina corporation." (Doc. 5, ¶ 5.) The amended complaint contains no allegations concerning defendant Lowe's members, or the state(s) of which each of its members were citizens at the time the complaint was filed. Plaintiff's conclusory assertion that Lowe's is a citizen of North Carolina is not a factual allegation sufficient to establish this defendant's citizenship.

4

**Conclusion**

For the foregoing reasons, plaintiff's amended complaint does not contain sufficient allegations of jurisdictional facts as to any of the parties' citizenship to establish the existence of diversity jurisdiction. The Court therefore concludes that plaintiff, having been given notice and an opportunity to amend his complaint, has failed to meet his burden to plead with specificity facts showing that complete diversity of citizenship exists among the parties. See Barclay Square Props., 893 F.2d at 969. As a result, this case must be dismissed without prejudice for lack of subject matter jurisdiction. See Rule 12(h)(3), Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that the stay previously imposed in this matter is lifted.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED without prejudice** for lack of subject matter jurisdiction. See Rule 12(h)(3), Fed. R. Civ. P.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of April, 2018.